**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Dionta D. DANIELS, Defendant—
Appellant.**

**No. 07–10439.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 11, 2008.

Filed Aug. 28, 2008.

Lawrence G. Brown, Esquire, Phillip A. Talbert, Esquire, Robert M. Twiss, Esquire, USSAC—Office of the U.S. Attorney, Sacramento, CA, for Plaintiff–Appellee.

Ned Smock, Esquire, FPDCA—Federal Public Defender's Office, Sacramento, CA, for Defendant–Appellant.

Before: THOMPSON, WARDLAW, Circuit Judges, and MOSKOWITZ,

District Judge.*

MEMORANDUM **

Dionta D. Daniels appeals the denial of his motion to suppress a firearm following the entry of a conditional guilty plea to being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court's crediting of Officer Baptista's testimony was not clearly erroneous. Although other witnesses' testimony contradicted Officer Baptista's, the district court's decision to credit Officer Baptista was plausible in light of the record viewed in its entirety; therefore, we may not reverse. *Phoenix Eng'g & Supply Inc. v. Universal Elec. Co.*, 104 F.3d 1137, 1141 (9th Cir.1997) (internal quotation marks omitted).

The district court, considering the totality of the circumstances, correctly concluded that the officers had probable cause to believe Daniels was living at the searched residence. *See United States v. Mayer*, 530 F.3d 1099, 1104–05 (9th Cir.2008). Daniels had previously reported to the Parole Office that he resided at the searched residence, which "provid[ed] some basis for the officers to believe that he might be residing there again."[1] *Id.* at 1104.

In addition, Officer Baptista, upon learning that Daniels was wanted on a parole violation, used the law enforcement computer system to obtain Daniels's cellular phone number, and he called Daniels under the ruse that he was a representative of a temporary employment agency who wanted to send Daniels an employment package. During the call, Daniels and Pickens both confirmed the two were living at the searched residence, providing further support for probable cause. *United States v. Howard*, 447 F.3d 1257, 1266 (9th Cir.2006) (noting that probable cause is supported where "either the parolee's co-resident or the parolee himself identified the residence in question as that of the parolee"); *see also Mayer*, 530 F.3d at 1104 (two informants' and a neighbor's statements to police that the parolee was residing at the searched residence supported a finding of probable cause).

Further, an employee in the apartment complex's manager's office identified Daniels from a photograph Officer Baptista showed her, informed Officer Baptista that Pickens drove a white Dodge Neon, and stated that if the car was parked at the complex's carport, Pickens and Daniels were at home. The officers saw the car parked at the specified location, which provided additional support for probable cause. *See Mayer*, 530 F.3d at 1104 (police corroboration at the searched residence of information provided by an informant supported probable cause).

"Thus, under the totality of the circumstances, the officers had probable cause to

* The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.
** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because Daniels had absconded from parole, the police officers were not required to conduct surveillance at the address he last reported to the Parole Office. *See Mayer*, 530 F.3d at 1104; *cf. United States v. Howard*, 447 F.3d 1257, 1265 (9th Cir.2006) (noting that a factor in the probable cause analysis for cases involving a parolee who has not absconded from parole is whether the police had good reason to believe, based on surveillance, that the parolee was not residing at his reported address).

believe that [Daniels] was living at [the searched residence] on the date of the search." *Id.* at 1104–05.

We have examined the sealed personnel documents to determine whether the district court erred in declining access to them and have concluded that the district court's decision to exclude the personnel files produced by the government in response to Daniels's subpoena was not clearly erroneous. There was no " 'reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.' " *United States v. Brumel–Alvarez,* 991 F.2d 1452, 1461 (9th Cir.1993), *as amended* (quoting *United States v. Bagley,* 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985)).

**AFFIRMED.**